UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON J. I.,

          Plaintiff,

   v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:24-CV-6030-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.    BACKGROUND**

Plaintiff applied for SSI on March 3, 2022. Administrative Record (AR) 23. His requested hearing was held before an Administrative Law Judge (ALJ) on November 3, 2023. AR 38–58. On January 11, 2024, the ALJ issued a written decision finding Plaintiff not disabled.

AR 20–37. The Appeals Council declined Plaintiff's timely request for review making the ALJ's decision the final agency action subject to judicial review. AR 1–7. On December 19, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

The ALJ found Plaintiff was limited to the following Residual Functional Capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can do no work requiring fine depth perception. He must avoid all exposure to hazards. He must work in the same job environment from one day to the next. He needs a five-minute break every hour.

AR 26.

Plaintiff's challenge to the ALJ's decision concerns the five-minute-breaks limitation. Specifically, he argues (1) such a limitation is incompatible with the performance of unskilled work which the ALJ found Plaintiff could perform and (2) such a limitation constitutes a reasonable accommodation which the ALJ could not base his step five finding on. Dkt. 13.

**A.   Inconsistency with Unskilled Work**

Plaintiff relies upon the Commissioner's Program Operations Manual System (POMS) sections 25020.010(B)(2)(a) and (B)(3)(d) ("§2a" and "§3d," respectively) in arguing that the five-minute-breaks limitation is inconsistent with performing the unskilled work the ALJ found Plaintiff capable of performing at step five. Those sections list maintaining attention for two-

hour periods (which is incompatible with taking a five-minute break each hour) as a "mental abilit[y] needed for any job," §2a, and a "mental abilit[y] critical for performing unskilled work," §3d. This argument fails for two reasons.

First, an inconsistency with POMS does not establish legal error. "Not all agency policy pronouncements which find their way to the public can be considered regulations enforceable in federal court." *Rank v. Nimmo*, 677 F.2d 692, 698 (9th Cir. 1982). Under binding Ninth Circuit precedent, POMS does not "impose[] judicially enforceable duties." *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003) (citing *Hermes v. Sec'y Health & Hum. Servs.*, 926 F.2d 789, 791 n.1 (9th Cir. 1991)). Indeed, the preface to the subchapter containing the sections of POMS relied upon by Plaintiff describes itself as "provid[ing] some general adjudicative guidelines." POMS 250020.001. Such guidance does not create substantive, enforceable law.[1] *See United States v. Fifty-Three (53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982) (non-substantive rules not judicially enforceable); *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) ("internal guidance tool" for ALJs not substantive rule).

Second, read in context, neither of the cited provisions of POMS requires an ALJ to find a claimant incapable of performing unskilled work solely because they would have some limitation in maintaining attention for two-hour segments. The first subpart of the cited provision

---

[1] Although the heading for POMS 25020.010(A) begins by indicating it prescribes "policy," Plaintiff relies upon POMS 25020.010(B). For this reason, SSR 13-2p, relied upon by Plaintiff (Dkt. 13 at 4), does not suggest POMS is binding. That ruling states Commissioner "require[s] adjudicators at all levels of administrative review to follow *agency policy*, as set out in" several documents, including POMS. SSR 13-2p(15) (emphasis added). But, as discussed, the part of POMS relied upon by Plaintiff sets out agency guidance rather than agency policy, falling outside that requirement. Even so, that an ALJ is required to follow a document does not necessarily make the document judicially enforceable. *See Fifty-Three (53) Eclectus Parrots*, 685 F.2d at 1136 (substantive rules also must conform to certain procedural requirements); *U.S. v. Alameda Gateway Ltd.*, 312 F.3d 1161, 1168 (9th Cir. 2000) ("[A]n agency's characterization [of whether their documents are binding] is not dispositive."). Indeed, statements of general agency policy are not generally enforceable. *See Fifty-Three (53) Eclectus Parrots*, 685 F.2d at 1136 (contrasting "general statements of policy or rules of agency organization, procedure or practice" with substantive rules).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

1  indicates a "substantial loss of ability to meet" one of four basic mental demands would justify a

2  finding of disability. POMS 25020.010(A)(3)(a)–(b). The portions of the provision relied upon

3  by Plaintiff are intended to "show how the 20 specific abilities listed" on a particular form used

4  by adjudicators at the initial and reconsideration levels, one of which is the ability to maintain

5  attention for two-hour segments, relate to those four demands and "the ability to perform" certain

6  types of work. POMS 25020.010(B)(1).

7  But the section makes clear the assessment of those 20 abilities is not dispositive. Rather,

8  the adjudicators assess the claimant's mental RFC in separate narrative sections, and

> [i]t is the narrative written [. . .] that adjudicators use as the assessment of [mental RFC]. Adjudicators must take the [mental RFC] assessment and decide what significance the elements discussed in this [mental RFC] assessment have in terms of the person's ability to meet the mental demands of past work or adjust to other work. This must be done carefully using the adjudicator's informed professional judgment.

*Id.*

This context both confirms that the cited sections were mere guidance the court is not entitled to enforce and shows that a full reading of those sections does not require the ALJ find Plaintiff disabled. Rather, the ALJ was entitled to use his "informed professional judgment" and rely upon the Vocational Expert (VE)'s testimony that the five-minute-breaks limitation was not incompatible with the performance of work existing in significant numbers in the national economy. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192–93 (9th Cir. 2022) ("Given its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding.") (quoting *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020)). Plaintiff has not showed legal error in this respect.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

B.    **Reasonable Accommodation**

Plaintiff argues the five-minute-breaks limitation is a "reasonable accommodation" which the ALJ could not base his step five finding on. Dkt. 13 at 5–6.

At step five, the ALJ determines (based on the RFC and other factors) whether work exists in significant numbers "having requirements which [the claimant is] able to meet with [his] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). In so doing, the ALJ "do[es] not consider whether [the claimant] could do so with accommodations," including "reasonable accommodations under the Americans with Disabilities Act (ADA)." *See* SSR 11-2p(II)(D)(1)(e); *see also Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) ("SSA does not take the possibility of reasonable accommodation into account," citing Memorandum from Daniel L. Skoler, Associate Comm'r for Hearings and Appeals, SSA, to Administrative Appeals Judges, reprinted in 2 Social Security Practice Guide, App. § 15E (2025) ("Skoler Memo")).

Accommodations are defined by Commissioner as "practices and procedures that allow a person to complete the same activity or task as other people." SSR 11-2p(II)(D)(1)(a). In the ADA context, reasonable accommodations are "modifications or adjustments" to the "work environment," "the manner or circumstances under which the position . . . is customarily performed," or the job application process. *See* 29 C.F.R. § 1630.2(o)(1).

The bar on considering accommodations is not a bar on including limitations in the RFC which could also be accommodations. Unsurprisingly, limitations on the sort of work one can do (i.e., limitations in the RFC) substantially overlap with the sorts of modifications or adjustments to a position or workplace one might request (i.e., accommodations). An RFC might limit a claimant to alternating between sitting and standing, using an assistive device, or avoiding

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

certain chemicals, *see* SSR 96-9p; POMS 25020.015, which are also potential workplace accommodations, *see e.g.*, SSR 11-2p(II)(D)(1)(a). Thus, SSR 11-2p recognizes the need for an accommodation will oftentimes be reflected as a limitation in the RFC: "If an adult with an impairment(s) needs or would need greater supervision or assistance, or some other type of accommodation, because of the impairment(s) than an employee who does not have an impairment, the adult has a work-related limitation."

Instead, the bar on considering accommodations demands, at most, that an ALJ determine whether a claimant can perform work based on the "requirements" of that work, 20 C.F.R. § 404.1566(b), irrespective of whether the claimant "could do so with accommodations" (that is, with modifications or adjustments to those requirements), SSR 11-2p(II)(D)(1)(e).[2] To illustrate, suppose an ALJ found a claimant limited to workplace environments with no excessive exposure to fumes. *See e.g.*, SSR 85-15. At step five, the ALJ could properly rely upon positions which do not require such exposure. What the ALJ cannot do is rely upon positions which do require exposure to fumes based on a perception that some employers may accommodate the claimant's need to avoid such exposure.

The relevant inquiry is therefore whether the ALJ properly found Plaintiff could perform—without accommodation—the requirements of the positions identified at step five.

---

[2] The Skoler Memo suggests the requirement is even narrower than this formulation suggests because of the method Commissioner uses to discern whether a claimant can meet the requirements of work. The Memo suggests that the step five determination can include consideration of whether a claimant would require accommodations so long as those accommodations are reflective of "functional demands and duties of jobs as ordinarily required by employers throughout the national economy" rather than "isolated variations on job demands." Skoler Memo ¶8; *see also id.* ("To support a fifth-step finding that an individual can perform 'other work', the evidence (e.g., vocational expert testimony) would have to show that a job, *which is within the individual's capacity because of employer modifications*, is representative of a significant number of other such jobs in the national economy.") (emphasis added). Notably, the Skoler Memo appears to be the genesis of the bar on considering accommodations: SSR 11-2p(II)(D)(1)(e) cites SSR 00-1c, which is SSA's publication of *Cleveland*, 526 U.S. 795, which itself cites exclusively to the Memo for its statement that SSA does not consider accommodations, *see id.* at 803. The case relied upon by Plaintiff for the proposition that ALJs cannot consider accommodations, *Swanks v. Wash. Metro. Area Transit Auth.*, 116 F.3d 582, 585 (D.C. Cir. 1997), similarly relies exclusively upon the Memo.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1  Here, the VE testified the five-minute-breaks requirement would be "a little irregular, but not
2  inconsistent with . . . allowable breaks, like . . . a 15 minute [break] every two hours." AR 52.
3  Plaintiff contends in his Reply Brief that this testimony suggests the five-minute-breaks
4  limitation would require an accommodation. Dkt. 16 at 4. The Court disagrees. The VE's
5  testimony was that the breaks would be consistent with those "allowable." AR 52. The
6  testimony, at the very least, is rationally interpreted as showing Plaintiff could perform the
7  requirements of the identified positions without accommodation. "Where the evidence is
8  susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be
9  upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff has put forth no evidence contrary to the VE's testimony, and the VE's testimony on the matter constitutes substantial evidence supporting the ALJ's step five decision. *See Kilpatrick*, 35 F.4th at 1192–93. The ALJ did not err in considering the five-minute-breaks limitation at step five.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 9th day of May, 2025.

David W. Christel
United States Magistrate Judge